**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV18-09482 JAK (JPRx) | Date | February 12, 2019 |
| Title | Splendid Film GmbH v. WWKG, LLC | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER RE MOTION TO REMAND (DKT. 13)
JS-6

## I. Introduction

This action arises from the arbitration of a dispute over a film distribution licensing agreement between Petitioner, Splendid Film GmbH, a German corporation, and Respondent, WWKG, LLC, a Delaware limited liability company. Pursuant to the rules of the Independent Film and Television Alliance ("IFTA"), the dispute was arbitrated in Los Angeles. The arbitrator dismissed Petitioner's claim and found for Respondent on its counterclaims. Petitioner then filed a petition to vacate the award in the Los Angeles County Superior Court. Respondent removed the action pursuant to 9 U.S.C. § 205 and 28 U.S.C. §§ 1331 and 1441. In response, Petitioner filed a motion to remand ("Motion"). Dkt. 13. Respondent filed an opposition to the Motion (Dkt. 19), and Petitioner replied. Dkt. 29.

A hearing on the Motion was held on February 4, 2019. At the conclusion of the hearing, the Motion was taken under submission. Dkt. 37. For the reasons stated in this Order, the Motion is **GRANTED**.

## II. Factual Background

Respondent is the producer of the film *Why We're Killing Gunther*. Dkt. 1. ¶ 3. Respondent contracted with Freeway Entertainment Kft. ("Freeway"), a Hungarian entity, to be its primary distributor. *Id.* Freeway then entered a sub-license agreement with Petitioner, pursuant to which it would distribute the film in several European countries. *Id.* Petitioner agreed to make an initial payment of $65,000 with respect to the sub-license. *Id.* It also agreed to pay a minimum of $650,000 as the sub-licensing fee, with the calculation of the total amount due to be made by applying the terms of the in the sub-licensing agreement. *Id.*; Dkt. 1-3 at 10-11.

Respondent later assigned the sub-license agreement to the lenders who provided financing for the film. Dkt. 1 ¶ 4. Petitioner then executed an acceptance of the assignment ("Acceptance"), which is governed by English law. *Id.* The Acceptance provided that any disputes between the parties would be resolved through an arbitration, conducted in Los Angeles and pursuant to IFTA rules. *Id.* ¶ 5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-09482 JAK (JPRx) | Date | February 12, 2019 |
|---|---|---|---|
| Title | Splendid Film GmbH v. WWKG, LLC | | |

In September 2017, Petitioner commenced an arbitration process. It sought to recover its $65,000 initial payment. *Id.* ¶ 6; Dkt. 1-9 at 7; Dkt. 13 at 3. On April 20, 2018, the arbitrator dismissed Petitioner's claims on the pleadings with prejudice. On July 28, 2018, the arbitrator ruled in favor of Respondent on its counterclaim against Petitioner, and awarded Respondent the sum of $714,781 in respect of the minimum guaranteed sub-licensing fee, interest and attorney's fees. Dkt 1-9 at 9; Dkt. 13 at 3.

### III. Procedural Background

On October 10, 2018, Petitioner filed the aforementioned Petition to Vacate the arbitration award in the Los Angeles Superior Court (Case No. 18STCP02488). Dkt. 1-1 at 9. Respondent did not respond to the Petition. Instead, on November 8, 2018, Respondent filed a Notice of Removal pursuant to 9 U.S.C. § 205 and 28 U.S.C. §§ 1331 and 1441. Dkt. 1.

On November 13, 2018, Petitioner filed this Motion. Dkt. 13. The next day, Respondent filed a Motion to Enforce the Arbitration Award. Dkt. 14.

### IV. Analysis

####   A.   Removal Jurisdiction in General

Unless otherwise expressly provided by Congress, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a); *Dennis v. Hart*, 724 F.3d 1249, 1252 (9th Cir. 2013). The removing defendant bears the burden of establishing federal jurisdiction. *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 682 (9th Cir. 2006); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992). "Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [the removing defendant] must demonstrate that original subject-matter jurisdiction lies in the federal courts." *Syngenta Crop Protection, Inc. v. Henson,* 537 U.S. 28, 33 (2002). Failure to do so requires that the case be remanded, as "[s]ubject matter jurisdiction may not be waived, and . . . the district court must remand if it lacks jurisdiction." *Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003).

####   B.   The Federal Arbitration Act

Respondent argues that there is removal jurisdiction under the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 201 *et seq*. The FAA provides, in relevant part, for the enforcement in federal courts of the 1958 Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("Convention"). The Convention applies to "[a]n arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial, including a transaction, contract, or agreement," so long as the matter is not entirely domestic. *Id.* § 202. Under the FAA, district courts "have original jurisdiction over an action or proceeding falling under the Convention," *id.* § 203, with venue proper in the place designated in the arbitration agreement. *Id.* § 204. Respondent argues that the arbitration that occurred satisfies the requirements of the Convention in that it was between foreign parties and was conducted in California, which is the venue provided in the Acceptance.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-09482 JAK (JPRx) | Date | February 12, 2019 |
|---|---|---|---|
| Title | Splendid Film GmbH v. WWKG, LLC | | |

The FAA defines removal jurisdiction as follows: "Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending." *Id.* § 205. The Ninth Circuit has concluded that § 205 has a broad scope. *See Infuturia Global Ltd. v. Sequus Pharm., Inc.*, 631 F.3d 1133, 1138 (9th Cir. 2011) (giving a "sweeping" reading to the "relates to" clause in § 205).

The FAA next provides that "a court having jurisdiction under this chapter may direct that arbitration be held . . . [and] appoint arbitrators in accordance with the provisions of the agreement." 9 U.S.C. § 206. It then states that "any party to the arbitration may apply to any court having jurisdiction under this chapter for an order *confirming the award* as against any other party to the arbitration." *Id.* § 207 (emphasis added).

   C. Subject Matter Jurisdiction

The issue presented by the Motion is the scope of federal subject matter jurisdiction. Thus, does it exist as to any "action or proceeding pending in a State court [which] relates to an arbitration agreement or award falling under the Convention," which is the language in § 205 as to removal jurisdiction? Or, in the alternative, is the scope of independent subject matter jurisdiction limited by the language of § 203, which provides for jurisdiction over an "action or proceeding falling under the Convention?" The latter is narrower, because the Convention "explicitly regulates only two types of proceedings." *Ingaseosas Intern. Co. v. Aconcagua Investing Ltd.*, 2011 WL 500042 at *3 (S.D. Fla. 2011), *aff'd on other grounds*, 479 F. App'x 955 (11th Cir. 2012).

The two types of proceedings falling under the Convention are: (i) those as to an order compelling arbitration pursuant to an arbitration agreement; and (ii) those as to an order confirming an arbitration award. *Id.* Each proceeding is defined in statute. *See* 9 U.S.C. §§ 206-207. At the same time, the "[t]he Convention makes no mention of vacatur actions." *Ingaseosas Intern. Co.*, 2011 WL 500042 at *3; *see also Vaden v. Discover Bank*, 556 U.S. 49, 59 n.9 (2009) (there is an express grant of federal jurisdiction "to hear actions seeking to enforce an agreement or award falling under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards.").

That the Convention does not refer to an action seeking to vacate an arbitration award is significant. *Lander Co. v. MMP Investments, Inc.*, 107 F.3d 476, 478 (7th Cir. 1997), noted that there is federal jurisdiction to hear a motion to compel arbitration, but "[i]n contrast, the . . . Convention contains no provision for seeking to vacate an award, although it contemplates the possibility of the award's being set aside in a proceeding under local law." *Yusuf Ahmed Alghanim & Sons v. Toys "R" Us, Inc.*, 126 F.3d 15, 22 (2d Cir. 1997) noted that "many commentators and foreign courts have concluded that an action to set aside an award can be brought *only* under the domestic law of the arbitral forum, and can never be made under the Convention." And a decision from this District determined that a "Petition to Vacate could not have been initiated under 9 U.S.C. § 201 *et seq.*," and therefore, "under the Convention, the Court cannot assert removal jurisdiction on this basis." *HSMV Corp. v. ADI Ltd.*, 72 F. Supp. 2d. 1122, 1127 n.8 (C.D. Cal. 1999).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV18-09482 JAK (JPRx) | Date | February 12, 2019 |
|---|---|---|---|
| Title | Splendid Film GmbH v. WWKG, LLC | | |

Indeed, "[i]t appears to be no accident that the Convention speaks only of 'Recognition and *Enforcement* of Foreign Arbitral Awards,' making no reference at all to any proceeding for the vacatur of such awards." *Virginia Sur. Co. v. Certain Underwriters at Lloyd's London*, 671 F. Supp. 2d 994, 995 (N.D. Ill. 2009) (emphasis original). In *Virginia Sur. Co.*, the court determined that § 205 is limited to the actions specifically stated in §§ 206-207. Thus, it concluded that there is original federal jurisdiction to confirm an award, but not to vacate one. *Id.* at 998. "That result operates on the premise that Congress knew what it was doing—that having deliberately limited original federal court jurisdiction in Section 207, it would not have left to a heavily-inference-dependent approach the possibility of removal to the federal courts of cases that do not come within such original jurisdiction." *Id.*

Other courts have decided the issue differently. The Second Circuit held that "'[t]here must be an independent basis of jurisdiction before a district court may entertain petitions' to confirm *or vacate* an award under the FAA," but applying § 203, it found "federal jurisdiction over actions to confirm *or vacate* an arbitral award that is governed by the Convention." *Scandinavian Reinsurance Co. v. Saint Paul Fire & Marine Ins. Co.*, 668 F.3d 60, 71 (2d Cir. 2012) (emphasis added). District courts in the Second Circuit have followed this precedent. *See Albaniabeg Ambient Sh.p.k v. Enel S.p.A.*, 169 F. Supp. 3d 523, 527-29 (S.D.N.Y. 2016) ("Relying on *Scandinavian Reinsurance Co.*, courts in this District look to Section 203 to determine subject matter jurisdiction under the Convention."); *Zurich Am. Ins. Co. v. Team Tankers A.S.*, 2014 WL 2945803, at *3 (S.D.N.Y. 2014) (citing *Scandinavian Reinsurance Co.* for the proposition that an independent basis of jurisdiction is required for federal courts to entertain petitions to vacate or confirm.).[1]

*Scandinavian Reinsurance Co.* does not, however, discuss the text of the FAA. Instead, it appears to apply sound logic to the analysis of the issue and interpretation of the statute by concluding that there is a substantial, if not complete, overlap between the issues presented by a petition to confirm and one to vacate the same award. However, the force of logic is not always compelling in interpreting a statute. For policy reasons, or an oversight, Congress may not have included both types of petitions within the statute. In this respect, *U.S. v. Johnson,* 256 F.3d 895, 915 (9th Cir. 2001) is instructive in considering *Scandinavian Reinsurance Co*: "Where it is clear that a statement is made casually and without analysis, where the statement is uttered in passing without due consideration of the alternatives, or where it is merely a prelude to another legal issue that commands the panel's full attention, it may be appropriate to re-visit the issue in a later case."

On balance, the decisions in *Lauder and Virginia Sur. Co.* are more comprehensive and persuasive. Their reasoning is adopted in this Order.

---

[1] The requirement of an independent basis of jurisdiction, like the one stated in § 203, is important because even in the Second Circuit, the "relating to" removal provisions of § 205 do not operate without independent jurisdictional grounds. At the hearing, counsel for Respondent argued that the Ninth Circuit reached a contrary result in *Infuturia*, 631 F.3d at 1138, when it found § 205 to be "plainly broad." Counsel also argued that § 205 was the only basis for federal jurisdiction recognized in *Infuturia.* These positions are not accurate. The analysis of § 205 in *Infuturia* was premised on the finding that "the district court had diversity jurisdiction," and for that reason, the court did "not reach the other contended bases for subject matter jurisdiction." *Id.* at 1136-38.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV18-09482 JAK (JPRx) | Date | February 12, 2019 |
| Title | Splendid Film GmbH v. WWKG, LLC | | |

D.  Order of Filing

Respondent also argues that there is federal jurisdiction under the FAA and the Convention because it filed its Motion to Enforce the Arbitration Award (Dkt. 14) following the removal of the action. However, federal "jurisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments." *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998), *abrogated on other grounds by Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 136 S. Ct. 1562 (2016) (citing *Pfeiffer v. Hartford Fire Ins. Co.,* 929 F.2d 1484, 1488 (10th Cir.1991); *see also Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 571 (2004) (internal quotations omitted) ("It has long been the case that the jurisdiction of the court depends upon the state of things at the time of the action brought. . . . This time-of-filing rule is hornbook law . . . .").

Although the filing of a motion to confirm as an independent action is a matter for which there is federal jurisdiction, Respondent did not do so here. Instead, it removed the Petition to Vacate, and then filed the Motion to Enforce the Arbitration Award. That there would be federal jurisdiction had Respondent commenced its own federal proceeding seeking the confirmation of the award does not change the analysis as to the scope of removal jurisdiction. This outcome is consistent with the decisions of other district courts. *Gonsalvez v. Celebrity Cruises, Inc.*, 935 F. Supp. 2d 1325, 1331 (S.D. Fla.), *aff'd,* 750 F.3d 1195 (11th Cir. 2013) ("Requests to vacate arbitration awards under the Convention are generally found cognizable only when submitted defensively in opposition to motions to confirm").[2] *Accord Tesoro Petroleum Corp. v. Asmera (South Sumatra) Ltd*., 798 F. Supp. 400, 405 (W.D. Tex 1992) ("[A] motion to vacate under the Convention was proper, when filed in response to a motion to confirm," but "this Court simply cannot hold that the Convention authorizes a suit to vacate").

## V.  **Conclusion**

For the reasons stated in this Order, because there is no federal subject matter jurisdiction over the Petition to Vacate the Arbitration Award, the Motion to Remand is **GRANTED**, and this action is remanded to the Los Angeles County Superior Court at its Stanley Mosk Courthouse (Case No. 18STCP02488).

**IT IS SO ORDERED.**

                                                                                           :

Initials of Preparer     ak

---

[2] At the hearing, counsel for Respondent argued that because the Eleventh Circuit affirmed *Gonsalvez* on statute of limitation grounds, the district court's determination that petitions to vacate can be heard only defensively was overruled. This interpretation is not supported by the opinion of the Eleventh Circuit, which states only that "[b]ecause resolution of that issue is not necessary for the disposition of this appeal, we *assume without deciding* that the Convention permits [vacatur]." 750 F.3d at 1197 n.1 (emphasis added).